Law Library

FILED
SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM )   CRIMINAL CASE NO. CF0491-11  4: 36
)
vs. )
)                       CLERK OF COURT
)
)   **DECISION AND ORDER**
WILLIAM E. STINNET, III, )   **ON DEFENDANT'S MOTION TO**
)   **DISMISS**
Defendant. )
)
)
)

This matter came before the HONORABLE VERNON P. PEREZ on September 8, 2011 on Defendant's Motion to Dismiss. Attorney San Nicolas appeared on behalf of the Government. Attorney Berman represented Defendant, who was present. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following decision and order.

## BACKGROUND

Defendant is charged with counts each of assault and disorderly conduct. Defendant requests dismissal as he argues that his arrest was not based on probable cause.

## DISCUSSION

Defendant argues that the Court should grant the Motion to Dismiss as Guam law mandates dismissal where there is no probable cause in support of the Magistrate's Complaint. Defendant contends that there was no showing of intent to satisfy the elements of assault and disorderly conduct. In the present case, there may not be enough to prove the element of intent at trial, but the burden there is much higher. Only probable cause is required to arrest someone for allegedly committing a crime. Here, there is no adequate evidence amounting to probable cause for the arrest of Defendant. A co-actor involved in the skirmish leading to Defendant's arrest claims Defendant was there fighting with alleged victim after victim was already knocked down. Yet, the overwhelming evidence suggests Defendant was only trying to help and the neutral statement given by Christopher Hagge is very persuasive. Hagge was present at the skirmish and explained that Defendant's involvement was to separate the fighting parties.

Hagge's statement was available to the police before Defendant was arrested. Hagge and the rest of the parties involved in the skirmish explained that Defendant was not there to hurt the victim. In addition, the Court would like to acknowledge that all evidence indicates victim approached the Defendant and co-actors with a bat in a menacing manner and was the initial aggressor. Therefore, the police knew at the time of Defendant's arrest there was not probable cause for his arrest. The Court does not believe that if this case went to trial, Defendant could be found guilty and that belief reflects on the statements available to the police at the time of Defendant's arrest.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.

So **ORDERED** this ____ day of November, 2011.

NOV 1 6 2011.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam.

DATED: NOV 1 6 2011

_____
JERINE K. J. DUENAS
DEPUTY CLERK, Superior Court of Guam